**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANNA CAROL LABBE,

           Plaintiff,

           v.

OSI OUTSOURCING SOLUTIONS, INC.,
et al.,

           Defendants.

Civil Action No. 14-5049 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

       This matter comes before the Court upon Defendants OSI Outsourcing Solutions, Inc. ("OSI"), OSI Collection Services, Inc., and NCO Group, Inc.'s (collectively, "Defendants") motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Plaintiff Ann Carol Labbe ("Labbe") filed a cross-motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 10.) The parties agree that the dispositive issue in this case is whether New Jersey law or Delaware law applies to Defendants' obligation, or lack thereof, to indemnify Labbe for past legal fees and expenses. The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion for summary judgment is denied, and Defendants' motion to dismiss is granted.

## I.   **Background**

       This action arises out of a dispute regarding Labbe's entitlement to indemnification from her former employer, OSI, for legal expenses and fees relating to her successful defense of a

criminal action.  In 1993, Labbe began working for Payco General American Credits, Inc. ("Payco").  (Pl.'s Statement of Material Facts ("SOMF") ¶ 1, ECF No. 10-2.)[1]  Payco was subsequently acquired by OSI, and Labbe continued to work for OSI until she voluntarily left in 2006. (SOMF ¶¶ 2-4.)  Defendants are all Delaware corporations.  (Compl. ¶¶ 1-3, ECF No. 1-1.) OSI is in the business of debt collection on behalf of both private companies and governmental entities.  (Id. ¶ 7.)  OSI contracted with the State of New Jersey (the "State") for the collection of state income tax deficiencies and delinquencies (the "Contract").  (Id.)  Under the terms of the Contract, OSI obtained a Certificate of Authority to do business in New Jersey.  (SOMF ¶ 6.)

OSI was required to submit monthly invoices to the State detailing hours worked by each employee, the labor category of each employee, and the pay rate for each category.  (SOMF ¶¶ 8-9.)  From January 2003 through 2006, Labbe, as Operations Manager, signed the monthly invoices. (Id. ¶ 10.)  In December 2005, the New Jersey State Commission of Investigation ("SCI") released a report claiming that OSI improperly billed the State in connection with the Contract.  (Id. ¶ 13.) The New Jersey Attorney General launched an investigation, and OSI conducted an internal

---

[1] Pursuant to Local Civil Rule 56.1, the party filing a motion for summary judgment must also file a statement of material facts not in dispute, and an opponent shall furnish a responsive statement addressing each paragraph and indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted with the motion. Defendants filed a response to Labbe's statement of material facts not in dispute; however, they did not provide citations to affidavits or other documents.  (ECF No. 13-1.)  Instead, Defendants cited Rule 56(d) in a footnote stating Labbe's motion was filed prior to an answer being filed or the commencement of discovery.  Rule 56(d) allows a nonmovant to show by "affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).  If a nonmovant so demonstrates, a court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Id.  Defendants did not submit an affidavit or declaration as to why they could not present facts essential to their disputed facts.  Therefore, the Court will consider any statement of fact that was not denied by the opposing party, with a citation to the record, as undisputed for purposes of Labbe's summary judgment motion.

investigation through outside counsel. (*Id.* ¶¶ 14-15.) Labbe cooperated with the investigations and voluntarily left OSI on May 31, 2006. (*Id.* ¶¶ 16, 18.)

On February 5, 2007, a New Jersey grand jury indicted Labbe and charged her with theft by deception, misconduct by a corporate official, and false contract payment claims to the State of New Jersey. (*Id.* ¶ 21.) These charges related to the approximately one million dollars that Labbe, in her capacity as Operations Manager, allegedly overbilled the State when she signed the OSI monthly invoices. (*Id.* ¶¶ 22-23.) On February 18, 2014, a jury acquitted Labbe of all charges. (*Id.* ¶ 28.) Shortly thereafter, Labbe sought indemnification from Defendants for the attorneys' fees and costs she incurred in her defense, but Defendants denied the request. (*Id.* ¶¶ 29-30.)

On July 28, 2014, Labbe filed a verified complaint and an order to show cause in state court seeking indemnification by OSI of approximately $250,000 in legal fees and expenses incurred in her criminal defense under N.J.S.A. § 14A: 3-5(4) (the "Complaint"). Defendants removed the matter to this Court (ECF No. 1), and filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) (ECF No. 6). Labbe filed a cross-motion for summary judgment pursuant to Rule 56. (ECF No. 10.)

## II.   Analysis

The parties agree that the dispositive issue is whether New Jersey law or Delaware law applies to Labbe's claim for indemnification.[2] The New Jersey Business Corporation Act (the "NJBCA") requires certain corporations to indemnify directors, officers, agents, and employees

---

[2] Defendants additionally argue in their reply that Labbe's indemnification claim is barred because it has been discharged by OSI's Chapter 11 bankruptcy proceeding. (Defs.' Reply Br. 14-17.) The Court will not address this argument because Defendants did not raise this issue in their initial motion, and it is otherwise moot because the choice of law analysis is dispositive. *See Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n.11 (3d Cir. 1992).

who successfully defend against a lawsuit. *See* N.J.S.A. 14A:3-5 (the "N.J. Indemnity Statute," a provision of the NJBCA).   Delaware General Corporate Law, as amended in 1997, requires mandatory indemnification for directors and officers only. *See* Del. Code Ann. tit. 8, § 145(c) (2011) (the "Delaware Indemnity Statute"); *see also Vergopia v. Shaker*, 191 N.J. 217, 228 n.7 (2007) (recognizing difference in New Jersey and Delaware corporate indemnification statutes). Defendants argue that Delaware law applies because OSI was incorporated in Delaware and that Labbe's claim fails under Delaware law because Labbe is not a present or former director or officer of OSI.   Labbe does not contend she was a director or officer of OSI but instead argues that New Jersey law applies and that, as a former employee who successfully defended the merits of her criminal proceeding, she is entitled to mandatory indemnification from her former employer.

In deciding which state's law applies, a federal court sitting in diversity must apply the choice of law rules of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).   Thus, this Court must apply New Jersey's choice of law rules.   When, however, there is no clear rule from a state's highest court, a federal court generally must predict how that court would decide the issue "giv[ing] due regard, but not conclusive effect, to the decisional law of lower state courts." *Pac. Emp'rs Ins. Co. v. Global Reins. Corp.*, 693 F.3d 417, 433 (3d Cir. 2012).

The internal affairs doctrine governs this Court's analysis.   "The internal affairs doctrine is a conflict of laws principle which recognizes that only one State should have the authority to regulate a corporation's internal affairs . . . because otherwise a corporation could be faced with conflicting demands." *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1981).   New Jersey courts adhere to this doctrine and apply the law of the state of incorporation to govern internal corporate affairs. *See, e.g.*, *Brotherton v. Celotex Corp.*, 202 N.J. Super. 148, 154 n.1 (N.J. Ch. 1985) (citing *Baldwin v. Berry Automatic Lubricator Corp.*, 99 N.J. Eq. 57, 60 (N.J. Ch. 1926)); *Hamilton v. United*

*Laundries Corp.*, 111 N.J. Eq. 78, 79 (N.J. Ch. 1932). Generally, "internal affairs are involved whenever the issue concerns the relations [between or amongst] the corporation, its shareholders, directors, officers[,] or agents." Restatement (Second) of Conflicts of Law § 313 cmt. a (1971). The Third Circuit, and other courts in this district, have recognized that "[u]nder New Jersey's choice-of-law rules, the law of the state of incorporation governs internal corporate affairs." *Fagin v. Gilmartin*, 432 F.3d 276, 282 (3d Cir. 2005); *see also N. Am. Steel Connection, Inc. v. Watson Metal Prods. Corp.*, 515 F. App'x 176, 182 n.14 (3d Cir. 2013); *City of Roseville Emps.' Ret. Sys. v. Crain*, No. 11-2919 , 2013 WL 9829650, at *4 (D.N.J. Sept. 26, 2013); *United States v. Penny Lane Partners, L.P.*, No. 06-1894, 2008 WL 2902552, at *4 (D.N.J. July 24, 2008); *Gross v. Tex. Plastics, Inc.*, 344 F. Supp. 564, 566 (D.N.J. 1972).

Defendants argue that, under the internal affairs doctrine, Delaware law should apply because all Defendants were incorporated in Delaware. (Defs.' Br. 5.) Defendants further argue that the plain language of the N.J. Indemnity Statute applies only to domestic corporations. (*Id.*) Labbe, in response, argues that a New Jersey statute is not a matter of internal corporate affairs and that the NJBCA subjects foreign corporations to the "same duties, restrictions, penalties and liabilities" of domestic corporations. (Pl.'s Br. 8-10.)

Courts in New Jersey have generally considered corporate indemnification issues as internal affairs governed by the law of the state of incorporation. *See, e.g.*, *Vergopia v. Shaker*, 191 N.J. 217, 224 (2007) (noting that the parties agreed that Delaware law governed the corporate indemnification dispute where company was incorporated in Delaware). Further, Labbe has not provided any support for her argument that "a New Jersey statute is certainly not 'an internal corporate affair.'" (Pl.'s Br. 10.) This Court is confident that New Jersey would apply Delaware law if faced with the situation presently before this Court. Therefore, Labbe's motion for summary

judgment must be denied because Delaware General Corporate Law does not require mandatory

indemnification for employees, and Plaintiff has not asserted that she was a director or officer of

OSI. As a result, Defendants' motion to dismiss is granted.

Even if this Court found that New Jersey would apply New Jersey substantive law in this

case, the result would not change, as the New Jersey Indemnity Statute does not apply to foreign

corporations.[3] Labbe argues that the NJBCA requires OSI, as a foreign corporation transacting

business in New Jersey, to be "subject to the same duties, restrictions, penalties and liabilities" of

a domestic corporation.[4] (Pl.'s Br. 8-9 (quoting N.J.S.A. 14A:13-2).)

The provision of the NJBCA that Labbe relies on provides that "[a] foreign corporation

which receives a certificate of authority under [the NJBCA] . . . , *except as in this act otherwise*

*provided*, shall be subject to the same duties, restrictions, penalties and liabilities now or hereafter

imposed upon a domestic corporation of like character." N.J.S.A. 14A:13-2(2) (emphasis added).

Labbe ignores the plain language of this statute that states "except as in this act otherwise

provided." The N.J. Indemnification Statute, under which Labbe seeks relief, is one of the

---

[3] Even though Labbe did not raise the issue, the Court is aware that some New Jersey courts have found that location of incorporation may not always be dispositive when the dispute does not affect internal affairs alone. *See, e.g., Intelnet Int'l. Corp. v. ITT Corp.*, No. 9749-97, 2006 WL 2192030, at *11 (N.J. Sup. Ct. App. Div. Aug. 4, 2006); *Krzastek v. Global Res. Indus. & Power Inc.*, No. 104-05, 2008 WL 4161662, at *12 (N.J. Sup. Ct. App. Div. Sept. 11, 2008); *Velasquez v. Franz*, 123 N.J. 498, 528 (1991) (Stein, J., dissenting). In those circumstances, courts, often in an abundance of caution, have also applied New Jersey's most substantial relationship test, or a variation thereof, to determine choice of law disputes.

[4] Labbe further argues that this Court should apply New Jersey law on the indemnification issue because OSI contractually agreed with the State that New Jersey law would govern the terms of the Contract and OSI would be bound by the obligations imposed upon corporations doing business in New Jersey. (Pl.'s Br. 10.) This contractual language may require application of New Jersey law if there was a contractual dispute between OSI and the State. Labbe, however, has not demonstrated how this contractual language, taken from contracts to which Labbe is not a party, requires that the Court apply New Jersey substantive law to her indemnification claim.

instances where the NJBCA "otherwise provide[s]." The N.J. Indemnity Statute specifically provides that it applies only to "[a]ny corporation organized for any purpose under any general or special law of this State." N.J.S.A. 14A:3-5(4). Labbe offers no explanation of how this limiting language in the N.J. Indemnity Statute becomes applicable to foreign corporations. Moreover, New Jersey courts have recognized that the terms of the NJBCA apply to foreign corporations "only so far as they are applicable." *Hamilton*, 111 N.J. Eq. at 79. In that regard, certain provisions of the NJBCA specifically provide for application to not only corporations organized under any general or special law of the State, but also to "every foreign corporation authorized to transact business in this State." *See, e.g.*, N.J.S.A. 14A:4-1(1). The N.J. Indemnity Statute does not contain that same language, and New Jersey courts have found that it does not apply to foreign corporations. *See, e.g.*, *Cohen v. Southbridge Park, Inc.*, 369 N.J. Super. 156, 158 (App. Div. 2004) (holding that the statute provides that a "New Jersey corporation" must indemnify a corporate agent). Therefore, even if New Jersey substantive law were to apply, the N.J. Indemnity Statute is not applicable to foreign corporations such as OSI.

### III.   Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted, and Plaintiff's motion for summary judgment is denied. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
**UNITED STATES DISTRICT JUDGE**

**Dated:** April 2\_, 2015

7